UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI L. CROSS,           )<br>                            )<br>     Plaintiff,         )<br>                            )      Civil Action No. 1:21-cv-02134 (UNA)<br>v.                         )<br>                            )<br>BILL GATES, *et al.*,    )<br>                            )<br>     Defendants.       ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* initiating pleading ("Pldg."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and strike the complaint, ECF No. 1, for reasons discussed below.

Plaintiff, a state prisoner currently designated to Arlington County Detention Center ("ACDC") in Virginia, *see* Partial Trust Accounting, ECF No. 5, at 1–2, initiated this matter on August 10, 2021. On August 23, 2021, the court issued an order advising plaintiff that federal law requires a prisoner filing a civil action to pay the statutory filing fee of $350.00, and that in order for the court to consider his IFP application, he was required to provide the court with a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which plaintiff is or was confined. *See* Order (citing 28 U.S.C. § 1915(a)(2)), ECF No. 4. Plaintiff was ordered to submit this financial information within 30 days. *Id.* at 2.

Plaintiff has now filed a partial uncertified trust accounting, *see* ECF No. 5 at 2, and he further contends that his current trust account balance is .14 cents, and that the ACDC staff refuse

to provide him with a full certified accounting, despite his requests, *see id*. at 1. Taking plaintiff at his word, the court turns to review the initiating pleading. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)–(b).

First, at a minimum, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a). "A document that does not conform to the requirements" of the foregoing rules "shall not be accepted for filing." D.C. LCvR 5.1(g). And Federal Rule 11 requires an unrepresented party to personally sign any papers filed with the court and requires the court to strike from the record any filing not personally signed by the party. *See* Fed. R. Civ. P. 11(a). Here, plaintiff's initiating pleading –construed as a complaint– bears no title or Rule 7(a) designation, and is instead continually referred to an "affidavit," *see* Pldg. at 1–3, 7–8, however, it is unsigned and otherwise fails qualify as an affidavit. It also fails to identify the name of this court. Therefore, the pleading will be struck as non-confirming.

Additionally, the court will dismiss this matter and will not provide leave, at this time, to amend the deficient pleading. Leave to amend will not be granted when amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff has raised incomprehensible claims against Bill Gates, the Microsoft Company, the Federal Bureau of Investigation, the Social Security Administration, and the United States Secret Service, alleging that he was "adopted by the Bill Gates clan and that the adoption insured Bill Gates['] support from the federal government[] via the federal witness protection program — via the (secret service[]) and the (FBI)." *See* Pldg. at 2–4. He seeks "factual knowledge of the real life childhood adoption," the "master file[s]" relating thereto, and a "1 billion dollar settlement." *Id.* at 4–5. He also alleges that he is subject of "illegal surveillances and judicial sabotage." Second Affidavit, ECF No. 6 at 1.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (court is required to dismiss a case "at any time" if it determines that the action is frivolous.)  Moreover, this court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The proposed allegations in this matter satisfy this standard.

For all of these reasons, the initiating pleading, ECF No. 1, is stricken, and the case is dismissed and closed.  A separate order accompanies this memorandum opinion.

DATE: November 3, 2021

_____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge